NEW ORLEANS CITY R. CO. *v.* CRESCENT CITY R. CO.

*(Circuit Court; D. Louisiana.   January, 1881.)*

1. REMOVAL—JURISDICTION BEFORE RETURN-DAY—DISSOLUTION OF INJUNCTION.—An application to dissolve an injunction cannot be considered before the return-day of a removed cause, where such application involved the consideration of the cause as an entirety, and the dissolution could not have been granted without changing the *status* of the parties with reference to the thing to be finally adjudged.—[ED.

*In the Matter of Petition of the Barnesville & Moorehead Ry. Co.,* etc., 4 FED. REP. 10.

In Equity.   Application to Dissolve Injunction.

*Carleton Hunt*, for plaintiff.

*J. M. Bonner*, for defendant.

BILLINGS, D. J.   This cause is before me on an application to dissolve an injunction.   The sole question upon which the court is now to pass is whether the court should at this time entertain the application.

The cause was commenced in the state court.   An injunction was there obtained, and at the instance of the defendant the plaintiff was then required to give a bond in the sum of $50,000 to compensate the defendant for any damages he might suffer from the injunction in case it should be held to have been improperly obtained.   An application was then made, on the part of the defendant, to substitute a bond for the injunction, according to the practice in the state court, and then, upon the application of the plaintiff, the cause was removed to this court, on the ground that its decision involved a construction of the constitution and laws of the United States.

The return-day of the removed cause would be on the third Monday of April next, which is the first day of the next term of this court.

An examination of the statute leads me to the conclusion that, immediately upon the filing of the proper petition and bond in the state court, the cause is jurisdictionally pending

in the federal court. Nothing can be done thereafter in the state court, and whatever can be done prior to the return-day must be done here. It is clear that whatever is necessary for the preservation of the property, *i. e.*, all conservatory acts, may be authorized by the federal court. It is equally clear that there can be no trial of the cause, and by that I mean no determination of the rights of the parties which are by the suit submitted to the court for adjudication, until the time fixed by the law of congress as the return-day. I have been referred to two cases in this district where the court was, before the return-day, asked to modify an injunction which had been issued in the state court. But these cases are far from maintaining the authority of the court under all circumstances to deal with an injunction previous to the time when the cause is before the court to be proceeded with.

In *Ellerman* v. *New Orleans, M. & T. R. Co.* No. 7594, the court was asked to dissolve an injunction, and the objection of prematurity was taken. The record shows simply that the motion was overruled; no reason was assigned.

In the other case,—that of *Ellerman* v. *N. O. Elevator Co.* No. 9053,—in that case the court simply construed the injunction by limiting it to the case made by the complainant's bill, though the words of the injunction, considered separately from the bill, were susceptible of a broader interpretation.

The case from 4 Sawyer, 289, (*Mahoney Mining Co.* v. *Bennett*,) holds that a preliminary injunction may be granted after the removal and before the return-day.

In *B. & M. R. Co.* 26 Int. Rev. Rec. 355, [S. C. 4 FED. REP. 10,] the court say, after the citation of the case from Sawyer and other cases: "I understand from the opinions of the court in those cases that when the jurisdiction of the state court ceases that of the federal court attaches for some purposes, on entering a copy of the record, so that the court may know the facts; but the jurisdiction of the federal court is not complete so as to hear and determine the cause, although a transcript is filed, until on the day prescribed by the statute, or after, if the court accepts it."

Judge Dillon, in his treatise on Removal of Causes, says:

"If it (the record) be entered before the time, it has been made a question whether it (jurisdiction) will then attach. For some purposes it would seem that it might; as, for example, if it became necessary meanwhile to issue an injunction or appoint a receiver, which should be done, however, only upon notice, in order to protect the rights of the parties or to preserve the property in litigation."

An analysis of these authorities shows that receivers may be appointed, property may be sold, and its proceeds placed in the registry of the court. An injunction may be granted, and when a defendant is in possession of property an injunction which prohibited him from using it during the pendency of the suit may be dissolved upon such terms as would allow the court to refrain from all consideration of the cause upon its merits. But in this case the sole question presented to the court by the petition or bill of complaint is as to the exclusiveness of a franchise, and the protection of that franchise by a perpetual injunction. The court could not proceed one step in the hearing of the application to dissolve without entering upon the consideration of the cause as an entirety, and could not grant the dissolution without changing the *status* of the parties with reference to the thing to be finally adjudged. Indeed, in this case, there would be nothing left for the court to do, in case the injunction was dissolved, but to dismiss the bill.

The hearing upon this application in this case is inseparable from the hearing of the cause, and the result of that hearing would be not to preserve the rights of the parties, but, *pro tanto*, to decide and determine them. It is not protection of rights, but an adjudication upon them, which must result whenever this application is heard.

What the court should do in this, as in all cases where the record is here before the return-day, is by all proper orders to preserve the property in dispute, and the rights of all the litigants; but it cannot properly enter upon the decision of the rights of the plaintiff to a franchise, when that is the sole matter presented by the bill, until the jurisdiction of the court over the cause is complete.

The hearing of the application is postponed until the return-day, and leave given to the defendant to apply to compel the increase of the amount of the plaintiffs' bond, if the sum of $50,000 is insufficient.